**IN THE SUPERIOR COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

Civil Action # _07CV9407-6_

MARK TUCCER
_____
_____
_____
Plaintiff

VS

City of Doraville GA, et al.
_____
_____
Defendant

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

MARK E. SCOTT, ESQ.
JARRARD & DAVIS LLC
105 PILGRIM VILLAGE DR.
CUMMING, GA 30005

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, or if service by publication within 60 days of judges order of publication, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _5th_ day of September, 20 07

Linda Carter
Clerk of Superior Court

By _____
Deputy Clerk

## IN THE SUPERIOR COURT OF DEKALB COUNTY

**FILED**

## STATE OF GEORGIA

2007 SEP -5  P 4: 31

CLERK OF SUPERIOR COURT
DEKALB COUNTY GA

| | |
|---|---|
| MARK TULLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF DORAVILLE, GEORGIA, | ) |
| RAY JENKINS, MAYOR, | ) |
| JASON ANAVITARTE, ED LOWE, | ) |
| MARLENE HADDEN, DONNA PITTMAN, | ) |
| TOM HART and ROBERT SPANGLER, | ) |
| City Council Members, in their official capacities, | ) |
| STUART ANDERSON, Planning Commissioner, | ) |
| individually and in his official capacity, and | ) |
| CHUCK ENSLINGER, Code Enforcement | ) |
| Officer, individually and in his official capacity, | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION

FILE NO. 07CV9407-6

## PETITION FOR WRIT OF CERTIORARI,
## COMPLAINT FOR MANDAMUS, DECLARATORY JUDGMENT
## AND DAMAGES

COMES NOW, Mark Tuller, (hereinafter, "Plaintiff") a resident of the State of Georgia

and owner of real property in the City of Doraville, by and through his undersigned counsel, and

files the within Petition for Certiorari and Complaint for Mandamus, Declaratory Judgment and

Damages pursuant to the Georgia Civil Practice Act and in support thereof, avers as follows:

### FACTUAL BACKGROUND

1.

On April 20, 2007, Plaintiff purchased real property located at 4004 Eula Circle, located

within the limits of the City of Doraville, Georgia.

2.

The property, a residence, was purchased as an investment with the intent to renovate and either sell or rent thereafter.

3.

Thereafter, Plaintiff engaged a contractor and began renovations to the building on or about April 27, 2007. A building permit was not applied for because all of the work was initially meant to replace, repair or upgrade existing construction.

4.

At some point thereafter, the contractor working on the renovations pointed out to Plaintiff that the other homes on the street mostly had enclosed front porches. Accordingly, Plaintiff agreed to have his contractor enclose the front porch.

5.

Work proceeded on the property until June 7, 2007, when Defendant Chuck Enslinger, the City Building Inspector, appeared at the property and issued a stop-work order, alleging that the work required a building permit, and that a variance would be required because the enclosure of the porch incurred approximately four feet into the side-yard setback of the property.

6.

Numerous other properties on Eula Circle have had their porches or carports enclosed. Plaintiff believes and therefore avers that many, if not all of the porches or carports on those properties on Eula Circle were enclosed without a building permit and may intrude into the setbacks on those properties without a variance.

7.

Thereafter, Plaintiff applied to the City for an administrative variance, which under the City's ordinances, could be approved by the Mayor and Council. Plaintiff was informed that the item would be placed on the City Council's agenda for the June 18, 2007 meeting. However, the week before the meeting, Plaintiff learned that the City Clerk had been fired and that his application had disappeared from City files.

8.

On June 28, 2007, Plaintiff met with Mayor Jenkins and City Attorney Rick Powell, who reviewed Plaintiff's variance application. Mr. Powell stated that he believed that the work for which the variance was being sought could be "grandfathered" under a longstanding City ordinance.

9.

At some point during the meeting, a telephone call was placed to Defendant Stuart Anderson, who for unknown reasons, stated that he had just left the 4004 Eula Circle property. Defendant Anderson raised issues with the Mayor and City Attorney which apparently convinced them that the matter would have to be considered formally at a Council meeting.

10.

Plaintiff subsequently determined that Defendant Anderson was both a member of the City Planning Commission and was an individual who had earlier angrily confronted Plaintiff at 4004 Eula Circle about Plaintiff's purchase of the property, questioned the manner in which Plaintiff had purchased the property, and stated that he had also been interested in purchasing the property.

11.

On July 2, 2007, the City Council agenda included an item concerning a "clarification regarding a setback" regarding Plaintiff's variance application.  Plaintiff appeared at the meeting and discussed the issue with the Mayor and Council, and it was determined that Plaintiff was required to formally apply for a variance, which would require him to appear before both the City Planning Commission and the City Council for formal hearings.

12.

At the July 2, 2007 City Council meeting, Defendant Anderson spoke up from the audience in opposition to allowing Plaintiff to be granted an administrative variance.  In the course of that conversation, Defendant Anderson made it clear to Plaintiff that he had also desired to purchase the property, and was infuriated that Plaintiff had done so instead of him. His exact words to Plaintiff were "You stole this property from me!!"

13.

On July 3, 2007, Plaintiff contacted Mayor Jenkins and requested that Defendant Anderson recuse himself from the Planning Commission's consideration of the variance application for 4004 Eula Circle because of his conflict of interest.  At the July 26, 2007 meeting of the Planning Commission, Defendant Anderson did not vote on the matter.  However, he did not recuse himself, and participated in the discussion of the application before the Commission.

14.

Subsequent to the Planning Commission meeting, Defendant Anderson sent a series of email transmissions to the Mayor and Council regarding Plaintiff's variance application.  In the email, Anderson transmitted the minutes of the Planning Commission discussion on the item. However, woven within the minutes, Defendant Anderson included a number of negative

4

statements of his personal view of the application, most of which were irrelevant to the application, improper for the Council's consideration of the application, constituted misrepresentations, and were an obvious and deliberate attempt to discredit the applicant, the application itself, to coach the City Council into a negative impression of the application before it was even brought before them for consideration, and were clearly an attempt to bias the Council against the Plaintiff and his application.

15.

At all times material, Defendant Anderson, as a member of the City Planning Commission, was an official of the City of Doraville and in the course of his communications with other City Officials concerning an item of City business was acting under color of state law.

16.

Defendant Anderson acted with malice and intent to cause injury to Plaintiff when he took such actions to discredit Plaintiff and the variance application.  Upon information and belief, the basis of this malice was his displeasure that Plaintiff had purchased the property, depriving Anderson of being able to do so.

17.

At some point in late July, an individual identifying himself as "Josh" from Thrasher Electronics called Plaintiff on his personal cell phone and asked to meet him at the property.

18.

When Plaintiff met with Josh at 4004 Eula Circle, they inspected the property together, Josh gave Plaintiff an estimate for repairs to the property that can only be described as exorbitant. Both Josh's knowledge of Plaintiff's cell phone number and his knowledge concerning the

5

condition of the property could only have been derived from sources inside the City of Doraville, including Defendants Enslinger and Tom Hart.

19.

On this basis, Plaintiff believes and therefore avers that either Defendants Enslinger, Hart or other officials of the City of Doraville colluded with this contractor, gave them inside information on Plaintiff's application, and conspired to require Plaintiff to pay sums in excess of the reasonable cost of repairs to the property to Thrasher Electronics, presumably in order to effect favorable treatment on the variance application.

20.

On August 6, 2007, the variance application was heard by the City Council. Plaintiff was represented at the Council meeting by his brother, Michael Tuller, who is a city planning professional.

21.

Prior to beginning his presentation, the Mayor informed Mr. Tuller that he would not be able to discuss the prior conduct of any individuals during the history of the consideration of the application. This prevented him from discussing the improprieties that occurred and deprived the Plaintiff of his right to procedural due process of law by being able to have a full and fair hearing.

22.

At the hearing, members of the City Council, including Tom Hart, made comments to the effect that because Plaintiff's representative was a city planner, Plaintiff should be held to a higher standard for not obtaining a building permit. The status of the person representing the

6

applicant was irrelevant. The use of this information as a basis to grant or deny the variance was arbitrary and capricious, and resulted in a denial of due process and equal protection of the law.

23.

At the August 6, 2007 meeting, City Council members present made comments that they had been interested in purchasing 4004 Eula Circle, establishing conflicts of interest which should have resulted in their recusal from considering the application in violation of the Georgia Zoning Procedures law, O.C.G.A. § 36-66-1 et seq, and denying Plaintiff due process and equal protection of the law under both the United States and Georgia Constitutions. In doing so, these individuals acted with malice.

24.

Since the stop work order was issued on June 7, 2007, no work has been performed on the property at 4004 Eula Circle other than to finish roofing the original structure.

25.

Since the stop work order was issued in June 7, 2007, the portions of the structure which allegedly constitute a violation of the City zoning ordinance, and upon which the order was allegedly issued, have been covered only by a tarp and have been at least partially exposed to the elements, resulting in damage to the property.

COUNT I.

PETITION FOR WRIT OF CERTIORARI

26.

The allegations of paragraphs 1 through 25 above are incorporated herein by reference as if fully set forth at length.

7

27.

The actions of the Defendants in denying the variance constitute a significant detrimental hardship to the use of Plaintiff's property without any corresponding public benefit or legitimate connection to public health, safety, morality or general welfare and as thus constitute error of law.

28.

At the time it denied the variance at issue, the City Council of the City of Doraville was acting in its judicial or quasi-judicial capacity such that the procedure for appeal from inferior judiciary via writ of certiorari to the Superior Court of DeKalb County is proper pursuant to O.C.G.A. § 5-4-1 et seq.

WHEREFORE, Plaintiff Mark Tuller respectfully requests that this Court issue writ of certiorari for the consideration of the decision of the City Council of the City of Doraville denying the variance.

COUNT II

DECLARATORY JUDGMENT

29.

The allegations of paragraphs 1 through 28 above are incorporated herein by reference as if fully set forth at length.

30.

The decision of the City of Doraville to deny the variance was incorrect as a matter of law in that enforcement of the setback requirements of the City of Doraville zoning ordinance against Plaintiff's property, without variance, constitutes a significant detrimental hardship to the use of

his property without any corresponding public benefit or legitimate connection to public health, safety, morality or general welfare and as thus constitutes an error of law.

WHEREFORE, Plaintiff Mark Tuller respectfully requests that this Court grant him declaratory judgment reversing the City of Doraville's denial of the variance request.

COUNT III

MANDAMUS

31.

The allegations of paragraphs 1 through 30 above are incorporated herein by reference as if fully set forth at length.

32.

The decision of the City of Doraville to deny the variance was incorrect as a matter of law in that enforcement of the setback requirements of the City of Doraville zoning ordinance against Plaintiff's property, without variance, constitutes a significant detrimental hardship to the use of his property without any corresponding public benefit or legitimate connection to public health, safety, morality or general welfare and as thus constitutes an error of law.

33.

WHEREFORE, Plaintiff Mark Tuller respectfully requests that this Court grant him judgment of mandamus reversing the City of Doraville's denial of the variance request.

COUNT IV.

DAMAGES

34.

The allegations of paragraphs 1 through 33 above are incorporated herein by reference as if fully set forth at length.

35.

As a result of the stop work order, the City's selective enforcement of its ordinances, the City's arbitrary unwillingness to consider the use as "grandfathered" under the City ordinances as originally suggested by the City Attorney, and the denial of the variance based in part on violations of the Georgia Zoning Procedures Law, O.C.G.A. § 36-66-1 et seq., Plaintiff has incurred damages in an amount that will be proven at trial.

36.

Denial of the variance from the setback requirement constitutes an unlawful taking of Plaintiff's valuable and vested property rights in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, and violation of the just compensation clause, Article I, Section 3, Paragraph 5 of the Georgia Constitution of 1983 entitling Plaintiff to damages under 42 U.S.C. § 1983 and Georgia law.

37.

Denial of the variance discriminates against Plaintiff in an arbitrary, unreasonable and unconstitutional manner, and constitutes a gross abuse of discretion, constituting a violation of Plaintiff's rights to substantive and procedural due process under color of state law, and entitling Plaintiff to damages in accordance with 42 U.S.C. § 1983 and Georgia law.

38.

The conspiracy to maliciously and arbitrarily enforce the provisions of the City of Doraville zoning ordinance and thereby deprive Plaintiff of his rights under the United States and Georgia Constitutions by members of the Doraville City Council, members of the Doraville Planning Commission, Building Inspector Enslinger and others entitle Plaintiff to recover damages under 42 U.S.C. § 1985 and Georgia law.

WHEREFORE, Plaintiff prays that this Court grant him the following relief:

(a)     Writ of Certiorari to the City of Doraville to certify and send to the Superior Court of DeKalb County the record of all facts and proceedings in this matter for the Court's consideration;

(b)     Declaratory Judgment reversing the decision of the Doraville City Council denying Plaintiff's variance application;

(c)     Judgment of Mandamus ordering the Doraville City Council to reverse its decision denying Plaintiff's variance application;

(d)     Damages in an amount to be proven at trial;

(e)     Plaintiffs' costs, interest and attorney's fees as provided by law.

Respectfully submitted this 5th day of September, 2007.

                                                        **JARRARD & DAVIS, LLP**


                                                        _____
                                                        Mark E. Scott
                                                        Georgia Bar No. 141849

105 Pilgrim Village Drive
Suite 200
Cumming, Georgia  30040
(678) 455-7150 – telephone
(678) 455-7149 – facsimile


                                                        Attorney for Plaintiff

**IN THE SUPERIOR COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

FILED

| | | |
|---|---|---|
| MARK TULLER, | ) | |
| | ) | 2007 SEP -5 P 4: 31 |
| Plaintiff, | ) | |
| | ) | CLERK OF SUPERIOR COURT |
| v. | ) | DEKALB COUNTY GA |
| | ) | CIVIL ACTION |
| CITY OF DORAVILLE, GEORGIA, | ) | FILE NO. 07CV9407-6 |
| RAY JENKINS, MAYOR, | ) | |
| JASON ANAVITARTE, ED LOWE, | ) | |
| MARLENE HADDEN, DONNA PITTMAN, | ) | |
| TOM HART and ROBERT SPANGLER, | ) | |
| City Council Members, in their official capacities, | ) | |
| STUART ANDERSON, Planning Commissioner, | ) | |
| individually and in his official capacity, and | ) | |
| CHUCK ENSLINGER, Code Enforcement | ) | |
| Officer, individually and in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**WRIT OF CERTIORARI**

To the City Council of the City of Doraville:

WHEREAS, Mark Tuller, a resident of the State of Georgia and an owner of real property in the City of Doraville alleges by his Petition for Writ of Certiorari that on August 6, 2007, a decision was rendered by the City Council of the City of Doraville with which Plaintiff was dissatisfied; and

WHEREAS Tuller has complied with the requirements of law in cases of application for certiorari.

NOW THEREFORE, YOU ARE HEREBY NOTIFIED AND REQUIRED to certify and send up to the Superior Court of DeKalb County, to be held in and for said County, within 30 days of service, under your hand and seal, the record of all the facts and proceedings in this matter.

Witness the Honorable _____, Judge of the said
Court, this _____ day of September, 2007.

_____
Clerk of the Superior Court
DeKalb County, Georgia

FILED
2007 SEP -5  P 4: 32
CLERK OF SUPERIOR COURT
DEKALB COUNTY GA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MARK TULLER,<br><br>      Plaintiff,<br><br>v.<br><br>CITY OF DORAVILLE, GEORGIA,<br>RAY JENKINS, MAYOR,<br>JASON ANAVITARTE, ED LOWE,<br>MARLENE HADDEN, DONNA PITTMAN,<br>TOM HART and ROBERT SPANGLER,<br>City Council Members, in their official capacities,<br>STUART ANDERSON, Planning Commissioner,<br>individually and in his official capacity, and<br>CHUCK ENSLINGER, Code Enforcement<br>Officer, individually and in his official capacity,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>CIVIL ACTION<br><br>FILE NO. |

## ORDER SANCTIONING PETITION FOR CERTIORARI

The foregoing Petition for Certiorari being presented, the same is upon consideration thereof sanctioned. Let the Writ of Certiorari issue upon compliance with the law as to costs and bond, returnable to the Superior Court of DeKalb County within 30 (thirty) days of service of the Writ and Petition herein.

This _____ day of September, 2007

Judge of the Superior Court
DeKalb County, Georgia

Robert P. Mallis
Senior Judge
State of Georgia
By Designation

Prepared and presented by:

Mark E. Scott
Georgia Bar No. 141849

Jarrard & Davis, LLP
105 Pilgrim Village Drive
Suite 200
Cumming, Georgia  30040
(678) 455-7150 – telephone
(678) 455-7149 – facsimile



## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| MARK TULLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | |
| CITY OF DORAVILLE, GEORGIA, | ) | FILE NO. |
| RAY JENKINS, MAYOR, | ) | |
| JASON ANAVITARTE, ED LOWE, | ) | |
| MARLENE HADDEN, DONNA PITTMAN, | ) | |
| TOM HART and ROBERT SPANGLER, | ) | |
| City Council Members, in their official capacities, | ) | |
| STUART ANDERSON, Planning Commissioner, | ) | |
| individually and in his official capacity, and | ) | |
| CHUCK ENSLINGER, Code Enforcement | ) | |
| Officer, individually and in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIORARI BOND

Georgia, DeKalb County

Know all persons by these presents, that Mark Tuller, as principal and surety, does hereby make bond to pay the City of Doraville all future costs as may be required by law in connection with a Writ of Certiorari issued in the above styled matter.

This _____4_____ day of September, 2007.

_____
Mark Tuller, as Principal

_____
Mark Tuller, as Surety

The foregoing bond is hereby
Approved:

_____
Judge of the Superior Court
DeKalb County, Georgia

## CERTIFICATE OF PAYMENT OF COSTS

Re:   Mark Tuller
      City of Doraville, City Council
      Variance Request, 4004 Eula Drive

The undersigned hereby certifies that all costs which have accrued in connection with the above referenced variance application filed by Mark Tuller with the City of Doraville City Council have been paid.

The undersigned further certifies that the undersigned is vested with authority to give this Certificate, and that the certifications contained herein are true and accurate.

This _9-5-07_ day of September, 2007

Signature:   _Ray Jenkins_

Print Name:   _Ray Jenkins_

Title:   _Mayor_



## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARK TULLER, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | NO. _07CV9407-6_ |
| v. | ) | |
| | ) | |
| CITY OF DORAVILLE, GEORGIA, | ) | |
| RAY JENKINS, MAYOR, | ) | |
| JASON ANAVITARTE, ED LOWE, | ) | |
| MARLENE HADDEN, DONNA PITTMAN, | ) | |
| TOM HART and ROBERT SPANGLER, | ) | |
| City Council Members, in their official | ) | |
| capacities, STUART ANDERSON, Planning | ) | |
| Commissioner, individually and in his | ) | |
| official capacity, and CHUCK ENSLINGER, | ) | |
| Code Enforcement Officer, individually and | ) | |
| in his official capacity, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>AMENDED PETITION FOR WRIT OF CERTIORARI, COMPLAINT FOR MANDAMUS, DECLARATORY JUDGMENT AND DAMAGES</u>

COMES NOW, Mark Tuller, (hereinafter, "Plaintiff") a resident of the State of Georgia

and owner of real property in the City of Doraville, by and through his undersigned counsel, and

files the within Petition for Certiorari and Complaint for Mandamus, Declaratory Judgment and

Damages pursuant to the Georgia Civil Practice Act and in support thereof, avers as follows:

### FACTUAL BACKGROUND

1.

On April 20, 2007, Plaintiff purchased real property located at 4004 Bula Circle, located

within the limits of the City of Doraville, Georgia.

2.

The property, a residence, was purchased as an investment with the intent to renovate and either sell or rent thereafter.

3.

Thereafter, Plaintiff engaged a contractor and began renovations to the building on or about April 27, 2007. A building permit was not applied for because all of the work was initially meant to replace, repair or upgrade existing construction.

4.

At some point thereafter, the contractor working on the renovations pointed out to Plaintiff that the other homes on the street mostly had enclosed front porches. Accordingly, Plaintiff agreed to have his contractor enclose the front porch.

5.

Work proceeded on the property until June 7, 2007, when Defendant Chuck Entsminger, the City Building Inspector, appeared at the property and issued a stop-work order, alleging that the work required a building permit, and that a variance would be required because the enclosure of the porch incurred approximately four feet into the side-yard setback of the property.

6.

Numerous other properties on Eula Circle have had their porches or carports enclosed. Plaintiff believes and therefore avers that many, if not all of the porches or carports on those properties on Eula Circle were enclosed without a building permit and may intrude into the setbacks on those properties without a variance.

7.

Thereafter, Plaintiff applied to the City for an administrative variance, which under the

City's ordinances, could be approved by the Mayor and Council.  Plaintiff was informed that the item would be placed on the City Council's agenda for the June 18, 2007 meeting.  However, the week before the meeting, Plaintiff learned that the City Clerk had been fired and that his application had disappeared from City files.

8.

On June 28, 2007, Plaintiff met with Mayor Jenkins and City Attorney Rick Powell, who reviewed Plaintiff's variance application.  Mr. Powell stated that he believed that the work for which the variance was being sought could be "grandfathered" under a longstanding City ordinance.

9.

At some point during the meeting, a telephone call was placed to Defendant Stuart Anderson, who for unknown reasons, stated that he had just left the 4004 Eula Circle property.  Defendant Anderson raised issues with the Mayor and City Attorney which apparently convinced them that the matter would have to be considered formally at a Council meeting.

10.

Plaintiff subsequently determined that Defendant Anderson was both a member of the City Planning Commission and was an individual who had earlier angrily confronted Plaintiff at 4004 Eula Circle about Plaintiff's purchase of the property, questioned the manner in which Plaintiff had purchased the property, and stated that he had also been interested in purchasing the property.

11.

On July 2, 2007, the City Council agenda included an item concerning a "clarification regarding a setback" regarding Plaintiff's variance application.  Plaintiff appeared at the meeting

and discussed the issue with the Mayor and Council, and it was determined that Plaintiff was required to formally apply for a variance, which would require him to appear before both the City Planning Commission and the City Council for formal hearings.

12.

At the July 2, 2007 City Council meeting, Defendant Anderson spoke up from the audience in opposition to allowing Plaintiff to be granted an administrative variance. In the course of that conversation, Defendant Anderson made it clear to Plaintiff that he had also desired to purchase the property, and was infuriated that Plaintiff had done so instead of him. His exact words to Plaintiff were "You stole this property from me!!"

13.

On July 3, 2007, Plaintiff contacted Mayor Jenkins and requested that Defendant Anderson recuse himself from the Planning Commission's consideration of the variance application for 4004 Eula Circle because of his conflict of interest. At the July 26, 2007 meeting of the Planning Commission, Defendant Anderson did not vote on the matter. However, he did not recuse himself, and participated in the discussion of the application before the Commission.

14.

Subsequent to the Planning Commission meeting, Defendant Anderson sent a series of email transmissions to the Mayor and Council regarding Plaintiff's variance application. In the email, Anderson transmitted the minutes of the Planning Commission discussion on the item. However, woven within the minutes, Defendant Anderson included a number of negative statements of his personal view of the application, most of which were irrelevant to the application, improper for the Council's consideration of the application, constituted misrepresentations, and were an obvious and deliberate attempt to discredit the applicant, the

4

application itself, to coach the City Council into a negative impression of the application before it was even brought before them for consideration, and were clearly an attempt to bias the Council against the Plaintiff and his application.

15.

At all times material, Defendant Anderson, as a member of the City Planning Commission, was an official of the City of Doraville and in the course of his communications with other City Officials concerning an item of City business was acting under color of state law.

16.

Defendant Anderson acted with malice and intent to cause injury to Plaintiff when he took such actions to discredit Plaintiff and the variance application. Upon information and belief, the basis of this malice was his displeasure that Plaintiff had purchased the property, depriving Anderson of being able to do so.

17.

At some point in late July, an individual identifying himself as "Josh" from Thrasher Electronics called Plaintiff on his personal cell phone and asked to meet him at the property.

18.

When Plaintiff met with Josh at 4004 Eula Circle, they inspected the property together. Josh gave Plaintiff an estimate for repairs to the property that can only be described as exorbitant. Both Josh's knowledge of Plaintiff's cell phone number and his knowledge concerning the condition of the property could only have been derived from sources inside the City of Doraville, including Defendants Entsminger and Tom Hart.

19.

On this basis, Plaintiff believes and therefore avers that either Defendants Entsminger,

Hart or other officials of the City of Doraville colluded with this contractor, gave them inside information on Plaintiff's application, and conspired to require Plaintiff to pay sums in excess of the reasonable cost of repairs to the property to Thrasher Electronics, presumably in order to effect favorable treatment on the variance application.

20.

On August 6, 2007, the variance application was heard by the City Council. Plaintiff was represented at the Council meeting by his brother, Michael Tuller, who is a city planning professional.

21.

Prior to beginning his presentation, the Mayor informed Mr. Tuller that he would not be able to discuss the prior conduct of any individuals during the history of the consideration of the application. This prevented him from discussing the improprieties that occurred and deprived the Plaintiff of his right to procedural due process of law by being able to have a full and fair hearing.

22.

At the hearing, members of the City Council, including Tom Hart, made comments to the effect that because Plaintiff's representative was a city planner, Plaintiff should be held to a higher standard for not obtaining a building permit. The status of the person representing the applicant was irrelevant. The use of this information as a basis to grant or deny the variance was arbitrary and capricious, and resulted in a denial of due process and equal protection of the law.

23.

At the August 6, 2007 meeting, City Council members present made comments that they had been interested in purchasing 4004 Eula Circle, establishing conflicts of interest which

6

should have resulted in their recusal from considering the application in violation of the Georgia

Zoning Procedures law, O.C.G.A. § 36-66-1 et seq, and denying Plaintiff due process and equal

protection of the law under both the United States and Georgia Constitutions.  In doing so, these

individuals acted with malice.

24.

Since the stop work order was issued on June 7, 2007, no work has been performed on

the property at 4004 Eula Circle other than to finish roofing the original structure.

25.

Since the stop work order was issued in June 7, 2007, the portions of the structure which

allegedly constitute a violation of the City zoning ordinance, and upon which the order was

allegedly issued, have been covered only by a tarp and have been at least partially exposed to the

elements, resulting in damage to the property.

**COUNT I.**

**PETITION FOR WRIT OF CERTIORARI**

26.

The allegations of paragraphs 1 through 25 above are incorporated herein by reference as

if fully set forth at length.

27.

The actions of the Defendants in denying the variance constitute a significant detrimental

hardship to the use of Plaintiff's property without any corresponding public benefit or legitimate

connection to public health, safety, morality or general welfare and as thus constitute error of

law.

7

28.

At the time it denied the variance at issue, the City Council of the City of Doraville was acting in its judicial or quasi-judicial capacity such that the procedure for appeal from inferior judiciary via writ of certiorari to the Superior Court of DeKalb County is proper pursuant to O.C.G.A. § 5-4-1 et seq.

WHEREFORE, Plaintiff Mark Tuller respectfully requests that this Court issue writ of certiorari for the consideration of the decision of the City Council of the City of Doraville denying the variance.

## COUNT II

## DECLARATORY JUDGMENT

29.

The allegations of paragraphs 1 through 28 above are incorporated herein by reference as if fully set forth at length.

30.

The decision of the City of Doraville to deny the variance was incorrect as a matter of law in that enforcement of the setback requirements of the City of Doraville zoning ordinance against Plaintiff's property, without variance, constitutes a significant detrimental hardship to the use of his property without any corresponding public benefit or legitimate connection to public health, safety, morality or general welfare and as thus constitutes an error of law.

WHEREFORE, Plaintiff Mark Tuller respectfully requests that this Court grant him declaratory judgment reversing the City of Doraville's denial of the variance request.

8

## COUNT III

## MANDAMUS

### 31.

The allegations of paragraphs 1 through 30 above are incorporated herein by reference as if fully set forth at length.

### 32.

The decision of the City of Doraville to deny the variance was incorrect as a matter of law in that enforcement of the setback requirements of the City of Doraville zoning ordinance against Plaintiff's property, without variance, constitutes a significant detrimental hardship to the use of his property without any corresponding public benefit or legitimate connection to public health, safety, morality or general welfare and as thus constitutes an error of law.

### 33.

WHEREFORE, Plaintiff Mark Tuller respectfully requests that this Court grant him judgment of mandamus reversing the City of Doraville's denial of the variance request.

## COUNT IV.

## DAMAGES

### 34.

The allegations of paragraphs 1 through 33 above are incorporated herein by reference as if fully set forth at length.

### 35.

As a result of the stop work order, the City's selective enforcement of its ordinances, the City's arbitrary unwillingness to consider the use as "grandfathered" under the City ordinances as originally suggested by the City Attorney, and the denial of the variance based in part on

violations of the Georgia Zoning Procedures Law, O.C.G.A. § 36-66-1 et seq., Plaintiff has incurred damages in an amount that will be proven at trial.

36.

Denial of the variance from the setback requirement constitutes an unlawful taking of Plaintiff's valuable and vested property rights in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, and violation of the just compensation clause, Article I, Section 3, Paragraph 5 of the Georgia Constitution of 1983 entitling Plaintiff to damages under 42 U.S.C. § 1983 and Georgia law.

37.

Denial of the variance discriminates against Plaintiff in an arbitrary, unreasonable and unconstitutional manner, and constitutes a gross abuse of discretion, constituting a violation of Plaintiff's rights to substantive and procedural due process under color of state law, and entitling Plaintiff to damages in accordance with 42 U.S.C. § 1983 and Georgia law.

38.

The conspiracy to maliciously and arbitrarily enforce the provisions of the City of Doraville zoning ordinance and thereby deprive Plaintiff of his rights under the United States and Georgia Constitutions by members of the Doraville City Council, members of the Doraville Planning Commission, Building Inspector Entsminger and others entitle Plaintiff to recover damages under 42 U.S.C. § 1985 and Georgia law.

39.

Plaintiff has complied with the provisions of O.C.G.A. § 36-33-5 by providing ante-litem notice to the City of Doraville prior to initiating this action.

WHEREFORE, Plaintiff prays that this Court grant him the following relief:

(a)     Writ of Certiorari to the City of Doraville to certify and send to the Superior Court of DeKalb County the record of all facts and proceedings in this matter for the Court's consideration;

(b)     Declaratory Judgment reversing the decision of the Doraville City Council denying Plaintiff's variance application;

(c)     Judgment of Mandamus ordering the Doraville City Council to reverse its decision denying Plaintiff's variance application;

(d)     Damages in an amount to be proven at trial;

(e)     Plaintiffs' costs, interest and attorney's fees as provided by law.

Respectfully submitted this 10th day of September, 2007.

                                        JARRARD & DAVIS, LLP



                                        Mark E. Scott
                                        Georgia Bar No. 141849

105 Pilgrim Village Drive
Suite 200
Cumming, Georgia  30040
(678) 455-7150 – telephone
(678) 455-7149 – facsimile

                        Attorney for Plaintiff

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

MARK TULLER,                                )
                                            )
    Plaintiff,                           )    CIVIL ACTION FILE
                                            )    NO. _07CV9407-6_
v.                                          )
                                            )
CITY OF DORAVILLE, GEORGIA,                 )
RAY JENKINS, MAYOR,                         )
JASON ANAVITARTE, ED LOWE,                  )
MARLENE HADDEN, DONNA PITTMAN,              )
TOM HART and ROBERT SPANGLER,               )
City Council Members, in their official     )
capacities, STUART ANDERSON, Planning       )
Commissioner, individually and in his       )
official capacity, and CHUCK ENSLINGER,     )
Code Enforcement Officer, individually and  )
in his official capacity,                   )
                                            )
    Defendants.                          )
                                            )

### CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for Defendants with a copy of the

within **AMENDED PETITION FOR WRIT OF CERTIORARI, COMPLAINT FOR**

**MANDAMUS, DECLARATORY JUDGMENT AND DAMAGES** by depositing a copy of

same in the United States first class mail in a properly addressed envelope with adequate postage

affixed thereon addressed to:

Hugh R. Powell, Esq.
5555 Triangle Parkway
Suite 120
Norcross, Gerogia 30092

This __10th__ day of September, 2007.

Mark E. Scott
Georgia Bar No. 141849

IN THE SUPERIOR COURT OF DEKALB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| MARK TULLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 07CV9407-6 |
| | ) | |
| CITY OF DORAVILLE, GEORGIA, | ) | |
| RAY JENKINS, MAYOR,   ED LOWE, | ) | |
| MARLENE HADDEN, DONNA | ) | |
| PITTMAN, TOM HART, and | ) | |
| ROBERT SPANGLER, City  Council | ) | |
| Members, in their official capacities, | ) | |
| STUART ANDERSON, Planning | ) | |
| Commission, individually and his official | ) | |
| capacity, and CHUCK ENTSMINGER, | ) | |
| Code Enforcement Officer, individually | ) | |
| and in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ACKNOWLEDGMENT AND WAIVER OF SERVICE
## PURSUANT TO O.C.G.A. §9-11-4(d)

Service of the within Amended Petition for Writ of Certiorari, Complaint for Mandamus,

Declaratory Judgment and Damages is hereby acknowledged on behalf of the City of Doraville,

Georgia, Ray Jenkins, Ed Lowe, Marlene Hadden, Donna Pittman, Tom Hart, Robert Spangler,

Stuart Anderson and Chuck Entsminger in their official capacities (hereinafter referred to as

"Defendants") in the above-styled civil action. Pursuant to O.C.G.A. §9-11-4(d), Defendants

acknowledge personal service of Mark Tuller's (hereinafter referred to as "Plaintiff") Amended

Petition for Writ of Certiorari, Complaint for Mandamus, Declaratory Judgment and Damages, and

all other and further service of process in this action is hereby waived. . Service on Stuart Anderson

and Chuck Entstminger in their individual capacities is not acknowledged or waived.

Respectfully submitted this _17th_ day of September, 2007.

Hugh R. Powell, Jr.
Georgia Bar No. 585950

5555 Triangle Parkway
Suite 120
Norcross, Georgia 30092
(770) 300-0906

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| MARK TULLER, | ) | CIVIL ACTION |
|  | ) |  |
| Plaintiff, | ) | FILE NO. _____ |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| CITY OF DORAVILLE, GEORGIA, | ) |  |
| RAY JENKINS, MAYOR, JASON | ) |  |
| ANAVITARTE, ED LOWE, | ) |  |
| MARLENE HADDEN, DONNA | ) |  |
| PITTMAN, TOM  HART and | ) |  |
| ROBERT SPANGLER, City Council | ) |  |
| Members, in their official capacities, | ) |  |
| STUART ANDERSON, Planning | ) |  |
| Commissioner, individually and in | ) |  |
| his official capacity, and CHUCK | ) |  |
| ENSLINGER, Code Enforcement | ) |  |
| Officer, individually and in his | ) |  |
| official capacity, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH L.R.5.1B

I HEREBY CERTIFY that I have filed the **NOTICE OF REMOVAL** with the

Clerk of the Court and have mailed notification of such filing to the following

attorneys of record:

-6-

Mark E. Scott, Esq.
Jarrard & Davis, LLP
105 Pilgrim Village Dr.
Suite 200
Cumming, GA 30040

I further certify pursuant to L.R. 7.1D that the above-titled document complies

with L.R. 5.1B and was prepared using a 14 point Times New Roman font.

This _11_ day of October, 2007.

CAROTHERS & MITCHELL, LLC

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorney for Defendants

278 West Main Street
Buford, Georgia 30518
(770) 932-3552

-7-