

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

MARK TULLER,                        )

                                       )

      Plaintiff,            )     CIVIL ACTION FILE

                                     )     NO. _07CV9407-6_

v.                                 )

                                     )

CITY OF DORAVILLE, GEORGIA, )

RAY JENKINS, MAYOR,        )

JASON ANAVITARTE, ED LOWE, )

MARLENE HADDEN, DONNA PITTMAN, )

TOM HART and ROBERT SPANGLER, )

City Council Members, in their official )

capacities, STUART ANDERSON, Planning )

Commissioner, individually and in his )

official capacity, and CHUCK ENSLINGER, )

Code Enforcement Officer, individually and )

in his official capacity,           )

                                     )

      Defendants.          )

                                     )

**AMENDED PETITION FOR WRIT OF CERTIORARI, COMPLAINT FOR
MANDAMUS, DECLARATORY JUDGMENT AND DAMAGES**

COMES NOW, Mark Tuller, (hereinafter, "Plaintiff") a resident of the State of Georgia

and owner of real property in the City of Doraville, by and through his undersigned counsel, and

files the within Petition for Certiorari and Complaint for Mandamus, Declaratory Judgment and

Damages pursuant to the Georgia Civil Practice Act and in support thereof, avers as follows:

**FACTUAL BACKGROUND**

1.

On April 20, 2007, Plaintiff purchased real property located at 4004 Bold Circle, located

within the limits of the City of Doraville, Georgia.

2.

The property, a residence, was purchased as an investment with the intent to renovate and either sell or rent thereafter.

3.

Thereafter, Plaintiff engaged a contractor and began renovations to the building on or about April 27, 2007.  A building permit was not applied for because all of the work was initially meant to replace, repair or upgrade existing construction.

4.

At some point thereafter, the contractor working on the renovations pointed out to Plaintiff that the other homes on the street mostly had enclosed front porches.  Accordingly, Plaintiff agreed to have his contractor enclose the front porch.

5.

Work proceeded on the property until June 7, 2007, when Defendant Chuck Entsminger, the City Building Inspector, appeared at the property and issued a stop-work order, alleging that the work required a building permit, and that a variance would be required because the enclosure of the porch incurred approximately four feet into the side-yard setback of the property.

6.

Numerous other properties on Eula Circle have had their porches or carports enclosed.  Plaintiff believes and therefore avers that many, if not all of the porches or carports on those properties on Eula Circle were enclosed without a building permit and may intrude into the setbacks on those properties without a variance.

7.

Thereafter, Plaintiff applied to the City for an administrative variance, which under the

2

City's ordinances, could be approved by the Mayor and Council. Plaintiff was informed that the item would be placed on the City Council's agenda for the June 18, 2007 meeting. However, the week before the meeting, Plaintiff learned that the City Clerk had been fired and that his application had disappeared from City files.

8.

On June 28, 2007, Plaintiff met with Mayor Jenkins and City Attorney Rick Powell, who reviewed Plaintiff's variance application. Mr. Powell stated that he believed that the work for which the variance was being sought could be "grandfathered" under a longstanding City ordinance.

9.

At some point during the meeting, a telephone call was placed to Defendant Stuart Anderson, who for unknown reasons, stated that he had just left the 4004 Eula Circle property. Defendant Anderson raised issues with the Mayor and City Attorney which apparently convinced them that the matter would have to be considered formally at a Council meeting.

10.

Plaintiff subsequently determined that Defendant Anderson was both a member of the City Planning Commission and was an individual who had earlier angrily confronted Plaintiff at 4004 Eula Circle about Plaintiff's purchase of the property, questioned the manner in which Plaintiff had purchased the property, and stated that he had also been interested in purchasing the property.

11.

On July 2, 2007, the City Council agenda included an item concerning a "clarification regarding a setback" regarding Plaintiff's variance application. Plaintiff appeared at the meeting

and discussed the issue with the Mayor and Council, and it was determined that Plaintiff was required to formally apply for a variance, which would require him to appear before both the City Planning Commission and the City Council for formal hearings.

12.

At the July 2, 2007 City Council meeting, Defendant Anderson spoke up from the audience in opposition to allowing Plaintiff to be granted an administrative variance. In the course of that conversation, Defendant Anderson made it clear to Plaintiff that he had also desired to purchase the property, and was infuriated that Plaintiff had done so instead of him. His exact words to Plaintiff were "You stole this property from me!!"

13.

On July 3, 2007, Plaintiff contacted Mayor Jenkins and requested that Defendant Anderson recuse himself from the Planning Commission's consideration of the variance application for 4004 Eula Circle because of his conflict of interest. At the July 26, 2007 meeting of the Planning Commission, Defendant Anderson did not vote on the matter. However, he did not recuse himself, and participated in the discussion of the application before the Commission.

14.

Subsequent to the Planning Commission meeting, Defendant Anderson sent a series of email transmissions to the Mayor and Council regarding Plaintiff's variance application. In the email, Anderson transmitted the minutes of the Planning Commission discussion on the item. However, woven within the minutes, Defendant Anderson included a number of negative statements of his personal view of the application, most of which were irrelevant to the application, improper for the Council's consideration of the application, constituted misrepresentations, and were an obvious and deliberate attempt to discredit the applicant, the

application itself, to coach the City Council into a negative impression of the application before it was even brought before them for consideration, and were clearly an attempt to bias the Council against the Plaintiff and his application.

15.

At all times material, Defendant Anderson, as a member of the City Planning Commission, was an official of the City of Doraville and in the course of his communications with other City Officials concerning an item of City business was acting under color of state law.

16.

Defendant Anderson acted with malice and intent to cause injury to Plaintiff when he took such actions to discredit Plaintiff and the variance application. Upon information and belief, the basis of this malice was his displeasure that Plaintiff had purchased the property, depriving Anderson of being able to do so.

17.

At some point in late July, an individual identifying himself as "Josh" from Thrasher Electronics called Plaintiff on his personal cell phone and asked to meet him at the property.

18.

When Plaintiff met with Josh at 4004 Eula Circle, they inspected the property together. Josh gave Plaintiff an estimate for repairs to the property that can only be described as exorbitant. Both Josh's knowledge of Plaintiff's cell phone number and his knowledge concerning the condition of the property could only have been derived from sources inside the City of Doraville, including Defendants Entsminger and Tom Hart.

19.

On this basis, Plaintiff believes and therefore avers that either Defendants Entsminger,

Hart or other officials of the City of Doraville colluded with this contractor, gave them inside information on Plaintiff's application, and conspired to require Plaintiff to pay sums in excess of the reasonable cost of repairs to the property to Thrasher Electronics, presumably in order to effect favorable treatment on the variance application.

20.

On August 6, 2007, the variance application was heard by the City Council. Plaintiff was represented at the Council meeting by his brother, Michael Tuller, who is a city planning professional.

21.

Prior to beginning his presentation, the Mayor informed Mr. Tuller that he would not be able to discuss the prior conduct of any individuals during the history of the consideration of the application. This prevented him from discussing the improprieties that occurred and deprived the Plaintiff of his right to procedural due process of law by being able to have a full and fair hearing.

22.

At the hearing, members of the City Council, including Tom Hart, made comments to the effect that because Plaintiff's representative was a city planner, Plaintiff should be held to a higher standard for not obtaining a building permit. The status of the person representing the applicant was irrelevant. The use of this information as a basis to grant or deny the variance was arbitrary and capricious, and resulted in a denial of due process and equal protection of the law.

23.

At the August 6, 2007 meeting, City Council members present made comments that they had been interested in purchasing 4004 Eula Circle, establishing conflicts of interest which

should have resulted in their recusal from considering the application in violation of the Georgia

Zoning Procedures law, O.C.G.A. § 36-66-1 et seq, and denying Plaintiff due process and equal

protection of the law under both the United States and Georgia Constitutions.  In doing so, these

individuals acted with malice.

24.

Since the stop work order was issued on June 7, 2007, no work has been performed on

the property at 4004 Eula Circle other than to finish roofing the original structure.

25.

Since the stop work order was issued in June 7, 2007, the portions of the structure which

allegedly constitute a violation of the City zoning ordinance, and upon which the order was

allegedly issued, have been covered only by a tarp and have been at least partially exposed to the

elements, resulting in damage to the property.

**COUNT I.**

**PETITION FOR WRIT OF CERTIORARI**

26.

The allegations of paragraphs 1 through 25 above are incorporated herein by reference as

if fully set forth at length.

27.

The actions of the Defendants in denying the variance constitute a significant detrimental

hardship to the use of Plaintiff's property without any corresponding public benefit or legitimate

connection to public health, safety, morality or general welfare and as thus constitute error of

law.

28.

At the time it denied the variance at issue, the City Council of the City of Doraville was acting in its judicial or quasi-judicial capacity such that the procedure for appeal from inferior judiciary via writ of certiorari to the Superior Court of DeKalb County is proper pursuant to O.C.G.A. § 5-4-1 et seq.

WHEREFORE, Plaintiff Mark Tuller respectfully requests that this Court issue writ of certiorari for the consideration of the decision of the City Council of the City of Doraville denying the variance.

## COUNT II

## DECLARATORY JUDGMENT

29.

The allegations of paragraphs 1 through 28 above are incorporated herein by reference as if fully set forth at length.

30.

The decision of the City of Doraville to deny the variance was incorrect as a matter of law in that enforcement of the setback requirements of the City of Doraville zoning ordinance against Plaintiff's property, without variance, constitutes a significant detrimental hardship to the use of his property without any corresponding public benefit or legitimate connection to public health, safety, morality or general welfare and as thus constitutes an error of law.

WHEREFORE, Plaintiff Mark Tuller respectfully requests that this Court grant him declaratory judgment reversing the City of Doraville's denial of the variance request.

## COUNT III

## MANDAMUS

### 31.

The allegations of paragraphs 1 through 30 above are incorporated herein by reference as if fully set forth at length.

### 32.

The decision of the City of Doraville to deny the variance was incorrect as a matter of law in that enforcement of the setback requirements of the City of Doraville zoning ordinance against Plaintiff's property, without variance, constitutes a significant detrimental hardship to the use of his property without any corresponding public benefit or legitimate connection to public health, safety, morality or general welfare and as thus constitutes an error of law.

### 33.

WHEREFORE, Plaintiff Mark Tuller respectfully requests that this Court grant him judgment of mandamus reversing the City of Doraville's denial of the variance request.

## COUNT IV.

## DAMAGES

### 34.

The allegations of paragraphs 1 through 33 above are incorporated herein by reference as if fully set forth at length.

### 35.

As a result of the stop work order, the City's selective enforcement of its ordinances, the City's arbitrary unwillingness to consider the use as "grandfathered" under the City ordinances as originally suggested by the City Attorney, and the denial of the variance based in part on

violations of the Georgia Zoning Procedures Law, O.C.G.A. § 36-66-1 et seq., Plaintiff has incurred damages in an amount that will be proven at trial.

36.

Denial of the variance from the setback requirement constitutes an unlawful taking of Plaintiff's valuable and vested property rights in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, and violation of the just compensation clause, Article I, Section 3, Paragraph 5 of the Georgia Constitution of 1983 entitling Plaintiff to damages under 42 U.S.C. § 1983 and Georgia law.

37.

Denial of the variance discriminates against Plaintiff in an arbitrary, unreasonable and unconstitutional manner, and constitutes a gross abuse of discretion, constituting a violation of Plaintiff's rights to substantive and procedural due process under color of state law, and entitling Plaintiff to damages in accordance with 42 U.S.C. § 1983 and Georgia law.

38.

The conspiracy to maliciously and arbitrarily enforce the provisions of the City of Doraville zoning ordinance and thereby deprive Plaintiff of his rights under the United States and Georgia Constitutions by members of the Doraville City Council, members of the Doraville Planning Commission, Building Inspector Entsminger and others entitle Plaintiff to recover damages under 42 U.S.C. § 1985 and Georgia law.

39.

Plaintiff has complied with the provisions of O.C.G.A. § 36-33-5 by providing ante-litem notice to the City of Doraville prior to initiating this action.

WHEREFORE, Plaintiff prays that this Court grant him the following relief:

(a)      Writ of Certiorari to the City of Doraville to certify and send to the Superior Court

of DeKalb County the record of all facts and proceedings in this matter for the Court's

consideration;

(b)      Declaratory Judgment reversing the decision of the Doraville City Council

denying Plaintiff's variance application;

(c)      Judgment of Mandamus ordering the Doraville City Council to reverse its

decision denying Plaintiff's variance application;

(d)      Damages in an amount to be proven at trial;

(e)      Plaintiffs' costs, interest and attorney's fees as provided by law.

Respectfully submitted this 10th day of September, 2007.

**JARRARD & DAVIS, LLP**

Mark E. Scott
Georgia Bar No. 141849

105 Pilgrim Village Drive
Suite 200
Cumming, Georgia  30040
(678) 455-7150 – telephone
(678) 455-7149 – facsimile

Attorney for Plaintiff

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MARK TULLER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF DORAVILLE, GEORGIA, | ) |
| RAY JENKINS, MAYOR, | ) |
| JASON ANAVITARTE, ED LOWE, | ) |
| MARLENE HADDEN, DONNA PITTMAN, | ) |
| TOM HART and ROBERT SPANGLER, | ) |
| City Council Members, in their official | ) |
| capacities, STUART ANDERSON, Planning | ) |
| Commissioner, individually and in his | ) |
| official capacity, and CHUCK ENSLINGER, | ) |
| Code Enforcement Officer, individually and | ) |
| in his official capacity, | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

CIVIL ACTION FILE
NO. *07CV9407-6*

### CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for Defendants with a copy of the

within **AMENDED PETITION FOR WRIT OF CERTIORARI, COMPLAINT FOR**

**MANDAMUS, DECLARATORY JUDGMENT AND DAMAGES** by depositing a copy of

same in the United States first class mail in a properly addressed envelope with adequate postage

affixed thereon addressed to:

Hugh R. Powell, Esq.
5555 Triangle Parkway
Suite 120
Norcross, Gerogia  30092

This _10th_ day of September, 2007.

_____
Mark E. Scott
Georgia Bar No. 141849